IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00347-FDW
(3:03-cr-00215-FDW-DCK-1)

| | |
|---|---|
| CHARLES TYRONE BLACKSHEAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's motion to vacate, set aside or correct sentence, which he filed pursuant to 28 U.S.C. § 2255, and his alternative claims for relief which he filed through counsel. For the reasons that follow, Petitioner's § 2255 motion will be granted in part, and denied in part, and his alternative claims for relief will be denied.

## I. BACKGROUND

Petitioner was named as the sole defendant in a bill of indictment returned by the grand jury in this District with three counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (Counts One, Two and Three)[1]; one count of possession with intent to distribute cocaine and cocaine base, in violation of § 841 (Count Four); one count of the willful and unlawful use of a firearm during and in the course of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count Five); and one count of being a felon-in-possession of

---

[1] Specifically, Count Four alleged that Petitioner possessed with intent to distribute cocaine and 50 grams of cocaine base. Counts One through Three did not charge any particular amount of cocaine base that was involved in the crimes.

1

a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Six). (3:03-cr-00215, Doc. No. 3: Bill of Indictment). Simultaneous with the filing of the indictment, the Government filed notice of its intention to seek enhanced penalties, pursuant to 21 U.S.C. § 851, based on two prior drug convictions which Petitioner sustained in Mecklenburg County Superior Court, one in 2000 for the felony sale of marijuana, and the second conviction was for possession of cocaine in 2002. (Id., Doc. No. 4).[2] On July 14, 2005, Petitioner appeared with counsel before U.S. Magistrate Judge Carl Horn, III, and entered a straight-up guilty plea to all counts in his indictment. (Id., Doc. No. 32: Acceptance and Entry of Guilty Plea).

Prior to sentencing, the Government filed a motion for downward departure based on substantial assistance pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e), which was granted and allowed the Court to sentence Petitioner below the statutory mandatory minimum. Petitioner was sentenced to a term of 262-months' active imprisonment on Counts One through Four and Count Six, with such terms to run concurrently, and a mandatory term of sixty-months on Count Five which was ordered to run consecutively to the 262-month term of imprisonment for a total term of 322 months. (Id., Doc. No. 42: Judgment).[3] Petitioner's judgment was affirmed on appeal in a per curiam, unpublished opinion. See United States v. Blackshear, 273 Fed. App'x 235 (4th Cir.), cert. denied, 555 U.S. 904 (2008).

After the Supreme Court denied further review, Petitioner filed a pro se motion to modify his sentence challenging, among other things, his status as a career offender, and seeking the

---

[2] The two prior drug convictions subjected Petitioner to a mandatory term of life imprisonment. See 21 U.S.C. § 841(b).
[3] Petitioner filed a § 2255 motion in June 2007, contending that his attorney failed to file a notice of appeal from his judgment even though Petitioner had instructed him to do so. The § 2255 motion was granted, his judgment vacated, and Petitioner filed a timely notice of appeal from the amended judgment. See (3:07-cv-00279-FDW).

2

benefit from a change in the Guidelines which he argued was made effective while his direct appeal was pending. (3:03-cr-00215, Doc. No. 65: Letter Motion to Modify Sentence). A revised PSR was ordered and in this report the probation officer made the following relevant changes: (1) the 2008 version of the Guidelines was applied; (2) the base offense level was reduced in accordance with the 2008 version which applied the United States Sentencing Commission's Amendment 706 (Retroactive Crack Cocaine Amendment) and 18 U.S.C. § 3582(c)(2); (3) the PSR determined that Petitioner's criminal history no longer qualified him as a career offender which reduced his criminal history category to Level V; (4) and the total offense level was revised accordingly. (Id., Doc. No. 67: PSR at 19).[4]

Based on these revisions, the probation officer calculated a total offense level 27 after adjusting for acceptance of responsibility. The probation officer also noted Petitioner's prior drugs convictions which the Government identified in the § 851 notice. For the 2000 conviction for the felony sale of marijuana, petitioner was sentenced to a term of 4-5 months' active imprisonment; and for the 2002 possession of cocaine conviction, Petitioner was sentenced to 6-8 months' imprisonment which was a split sentence, with 60 days active incarceration, and the remainder suspended with conditions of probation. (Id. ¶¶ 39, 42). Based on a criminal history category V and a total offense level of 27, the PSR calculated a Guidelines range of 120 to 150 months' imprisonment, and a mandatory consecutive term of 60 months' imprisonment on Count Five. However, because of the mandatory minimum term based on the § 851 notice (based on the Count Four conviction), the probation officer found that Petitioner faced a statutory mandatory term of life imprisonment based on the two prior North Carolina drug convictions plus the

---

[4] The Revised Final Report was filed on February 23, 2009.

mandatory term of 60-months' imprisonment for conviction on Count Five. (Id. ¶¶ 71-72).

Petitioner's resentencing hearing was conducted on the eighth and tenth of September 2009.[5] Petitioner's criminal history category was reduced from Level V to IV after it was determined that a conviction for Driving While License Revoked did not qualify him for a criminal history point. With this reduction, Petitioner's Guidelines range was reduced to 100 to 125 months plus the mandatory 60-month term for the 924(c) offense, however Petitioner was still subject to the § 851 enhancement which mandated a statutory sentence of life imprisonment.[6] The Court sentenced Petitioner to a term of 120 months on Counts One through Four, and 120 months on Count Six with the terms to run concurrently, and the mandatory consecutive term of 60-months' imprisonment on Count Five for a total of 180 months in prison. (Id., Doc. No. 75: Amended Judgment). Petitioner's sentence was affirmed on appeal in a per curiam, unpublished opinion. See United States v. Blackshear, 450 F. App'x 241 (4th Cir. 2011), cert. denied, 132 S. Ct. 1906 (2012).

After the Supreme Court denied his petition for a writ of certiorari, Petitioner filed a pro se § 2255 motion raising four claims of ineffective assistance of counsel which will be discussed below. The Government filed an answer and moved for summary judgment on three of his claims and conceded relief on the fourth claim which was relief from his § 922(g) conviction. After the summary judgment motion was filed, Leah Kane of the Federal Defenders of Western North Carolina filed a supplemental motion to vacate on behalf of Petitioner which included alternative claims for relief pursuant to 28 U.S.C. § 2241, and relief through petitions for a writ

---

[5] The Court overruled Petitioner's argument that his prior North Carolina convictions which were noticed in the § 851 information did not qualify him for a sentencing enhancement.
[6] The Government maintained its position from the original sentencing that Petitioner should receive a sentence reduction based his substantial assistance.

4

of audita querela or coram nobis.[7] The supplemental response argued, among other things, that Petitioner was actually innocent of the § 922(g) offense in Count Six based on the Fourth Circuit's en banc Simmons opinion. The Government filed a response again conceding that Petitioner was entitled to relief from his § 922(g) conviction, but otherwise opposed any further relief.

## II.     STANDARD OF REVIEW

A.     Section 2255 Proceedings

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner may be entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

B.     Summary Judgment

Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However,

---

[7] On May 22, 2012, this District appointed the Federal Defenders of the Western District of North Carolina to examine cases where a defendant may be entitled to sentencing relief based on the Fourth Circuit's en banc opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). See (Civil Case No. 3:12-mc-92).

when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III. DISCUSSION

### A. Pro se Section 2255 motion

Petitioner raises four pro se claims of ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, Petitioner must still satisfy the standard set forth in Strickland. In regard to the second prong, Petitioner must demonstrate that he was prejudiced by ineffective assistance of counsel by showing "a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If

Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

1. Ground One

Petitioner contends his trial counsel failed to properly challenge the Government's case against him or prepare for a meaningful defense which resulted in increased punishment. (3:12-cv-347, Doc. No. 1 at 4, Doc. No. 1-1: Petitioner's Mem. at 5-9). Petitioner also asserts that he informed his trial counsel that he did not use, carry or possess a firearm, and that his counsel was ineffective in not challenging the convictions which were used to support the § 851 enhancement and his status as a career offender.[8]

Petitioner appeared before the magistrate judge and he was placed under oath and his guilty plea was accepted after the court found that it was knowing and voluntary, and this Court confirmed at the outset of Petitioner's initial sentencing hearing that that his decision to plead guilty to the six counts in his indictment was knowing and voluntary. In particular, Petitioner confirmed that each of the sworn answers that he provided during his Rule 11 hearing were true

---

[8] Petitioner contends that he asked trial counsel about a "Plea Deal" and he responded that the Government does not offer plea deals. As to this contention, Petitioner provides no further argument on this score and it is his burden to demonstrate ineffective assistance. Importantly, as well, is that Petitioner does not allege that he would have accepted a plea deal if one had been offered to him nor does he say that he ever revisited the subject. Finally, Petitioner was present with two other defendants during the Rule 11 hearing and the Government summarized at length the terms of a plea agreement it had reached with one of the defendants. Petitioner therefore knew that his counsel's alleged statement was not true.

7

and that he would answer each of the questions presented in the hearing the same way during his sentencing hearing if those questions were posed again. Critically, one of the answers Petitioner provided during his Rule 11 hearing was that he and his attorney had sufficient time to discuss any possible defenses prior to the plea hearing; that he was in fact guilty of the conduct charged in the six counts; and that no one had threatened, coerced or promised him anything in exchange for his guilty plea. After this colloquy with Petitioner, the Court reaffirmed acceptance of Petitioner's guilty plea based on his assertions at sentencing and the evidence presented by the Acceptance and Entry of Plea Form signed by Petitioner and the Rule 11 proceedings.

A petitioner is bound by his sworn statements which he makes during a properly conducted Rule 11 hearing and as this Court has already found, and reaffirms herein, Petitioner's Rule 11 hearing was properly conducted and his decision to enter his guilty pleas was knowing and voluntary. See, e.g., Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). Based on the foregoing, the Court finds that Petitioner's late protestation of innocence is without merit.

Petitioner's claim regarding his trial counsel's failure to challenge his designation as a career offender during his first sentencing hearing will also be denied. Petitioner was initially sentenced on August 3, 2006, and was found to be a career offender – a conclusion reached by the Court, the probation officer and his attorney. In pressing a claim of ineffective assistance of counsel under Strickland, Petitioner bears the burden of proving both ineffective representation

8

and resulting prejudice. Even assuming there was ineffective assistance in failing to challenge his career offender designation, Petitioner fails to satisfy the standard in Strickland because he cannot show prejudice. In his resentencing hearing the Court specifically noted that he did not qualify as a career offender and he was therefore not sentenced as a career offender. Put another way, whether Petitioner was designated as a career offender in his first sentencing is of no consequence because Petitioner would have been in custody with or without his counsel's challenge pending his resentencing.

Petitioner's challenge to his convictions which supported the § 851 enhancement is also without merit as the convictions were valid, predicate convictions at the time Petitioner was first sentenced based on controlling Fourth Circuit precedent because Petitioner could have been sentenced to more than one year for each of his prior drug convictions. In the Fourth Circuit's en banc decision in United States v. Simmons, the Court held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could have been sentenced to a term exceeding one year. Simmons, 649 F.3d at 243-45 (emphasis added). In reaching this conclusion, the Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Court held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law], we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Simmons, 649 F.3d at 241 (quoting Harp, 406 F.3d at 246). Thus, at the time Petitioner was sentenced – both initially and at resentencing – Petitioner's convictions qualified under Harp and his counsel

9

was not ineffective in failing to challenge the § 851 enhancements in his first sentencing.[9]

2. Ground Two

Here, Petitioner argues that his trial counsel was ineffective by failing to properly explain the elements of the § 924(c) charge as to the "use and carry" element and as a result Petitioner's plea was not knowing and voluntary. This arguments is without merit and will be denied for the simple fact that Petitioner's guilty pleas were knowing and voluntary. Again, the elements of the § 924(c) charge were clearly explained to Petitioner during his Rule 11 hearing and he averred that he understood the elements of the offense and the possible punishment upon conviction and this Court found that a factual basis supported Petitioner's guilt at sentencing after confirming that his plea was knowing and voluntary.[10]

3. Ground Three

Petitioner next contends here that his Kimbrough claim has been "preserved" because it was presented during his resentencing hearing.[11] Petitioner frames this as a claim of ineffective assistance of counsel but it is really just a challenge to this Court's judgment on resentencing which is a claim not properly considered in a § 2255 proceeding. However, even if this were a claim of ineffective assistance, it is baseless as Petitioner's counsel argued for the Court to consider the impact of the Kimbrough decision, among other authority, during his resentencing

---

[9] In his second appeal, the Circuit Court noted that at the time of Petitioner's first sentencing and his resentencing hearings the § 851 notice was proper and effective under then-existing precedent. The Court also observed that upon resentencing, Petitioner received a sentence "far below the statutory sentence authorized by the § 851 notice . . ." Blackshear, 450 Fed. App'x at 243.
[10] When asked about his attorney's performance Petitioner responded: "I appreciate everything he's done for me. He's a real good lawyer." (3:03-cr-00215, Doc. No. 60: Tr. of Plea and Rule Hearing at 18). This is of course directly opposed to Petitioner's present contentions.
[11] In Kimbrough v United States, the Supreme Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes." 552 U.S. 85, 110 (2007).

hearing. (3:03-cr-00215, Doc. No. 87: Resentencing Tr. at 33-34).

Furthermore, the Fourth Circuit rejected any impact of Kimbrough on Petitioner's Guidelines range was determined based on the finding that he qualified as a career offender. See Blackshear, 273 Fed. App'x at 237. Because this issue has already been decided adversely to Petitioner, he is precluded from presenting the claim in a collateral proceeding. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (explaining that the law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court.") (internal citation omitted).

Finally, Petitioner's repeated challenge to the § 851 notice will be denied as those prior state drug convictions were challenged by his counsel on resentencing, but were nevertheless found to be proper, predicate offenses under then-existing precedent.

4. Ground Four

In this claim, Petitioner contends that he is actually innocent of the § 922(g) offense based on new case law that was decided after his initial conviction and sentencing. (3:12-cv-00347, Doc. No. 1-1 at 16-17). Petitioner again frames this as an ineffective assistance of counsel claim however to the extent his counsel failed to anticipate the impact of the en banc Simmons decision, decided August 17, 2011, during his first sentencing hearing and nearly five years before the en banc decision, this claim must be denied. See Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995) (no claim of ineffective assistance for failure to anticipate a change in law) (internal citations omitted).

To the extent Petitioner is advancing a claim of actual innocence, the Government concedes that he should be entitled to have this conviction vacated, but contends that Petitioner is

11

not entitled to be resentenced because the conviction did not increase his sentence. (3:12-cv-00347, Doc. No. 7 at 24-25). In <u>Miller v. United States</u>, 735 F.3d 141 (4th Cir. 2013), the Court announced that its decision in <u>Simmons</u> is a new rule of substantive criminal law because it "narrowed the scope of § 922(g)(1) by establishing that it does not reach defendants whose prior convictions could not have resulted in a sentence of more than one year in prison" and the Court ruled that the new rule applied retroactively to cases on collateral review. <u>Id.</u> at 146-47.

It is beyond question that following the en banc decision in <u>Simmons</u>, Petitioner no longer has a predicate felony to support the § 922(g) charge because he could not have been sentenced to more than one year for his convictions for the sale of marijuana or the possession of cocaine. Accordingly, the motion to vacate the § 922(g) conviction as charged in Count Six in his indictment is granted; however, the Court agrees with the Government that this action will not entitle Petitioner to be resentenced. Petitioner was sentenced to 120-months on the § 922(g) conviction and this sentence was ordered to run concurrently with the 120-month sentences imposed in Counts One through Four.

      B.      Supplemental Motion to Vacate

           1.      <u>Section 2255</u>

Petitioner, through counsel, filed this supplemental motion in an effort to challenge his § 922(g) conviction and the application of the mandatory-minimum sentence resulting from the convictions identified in his § 851 notice. (3:12-cv-00347, Doc. No. 13 at 1). The first claim for relief is now moot in light of the Court's decision to vacate the § 922(g) conviction. The second claim for relief will be denied for two reasons.

First, notwithstanding the § 851 notice, Petitioner received a sentence of 120-months

based on a significant downward departure which allowed the Court to sentence Petitioner well below the mandatory minimum of life imprisonment. Second, Petitioner's challenge to his mandatory-minimum sentence based on a defective § 851 notice was rejected on direct appeal. See Blackshear, 450 Fed. App'x at 243 (noting that at the time he was sentenced the § 851 notice was proper notwithstanding the impact of Simmons).

  2.  Section 2241

A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

In re Jones, at 333-34.

Because the Court has granted Petitioner relief in his § 2255 motion from his § 922(g) conviction, his application for relief from the conviction under § 2241 will be dismissed as moot. Petitioner's remaining challenge to his mandatory-minimum sentence will be denied.

  3.  Coram Nobis Relief

Relief pursuant to a writ of coram nobis should be limited to petitioners that are no longer in custody on their conviction. See Carlisle v. United States, 517 U.S. 416, 428-29 (1996); see

also United States v. Orocio, 645 F.3d 630, 634 n.4 (3rd Cir. 2011) ("The writ of error coram nobis 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer 'in custody' for purposes of 28 U.S.C. § 2255.'") (internal citations omitted), abrogated on other grounds by, Chaidez v. United States, 133 S.Ct. 1103 (2013). Because Petitioner is still in custody, this claim for relief will be denied.

    4.    Writ of Audita Querela

Finally, the Court finds that the writ of audita querela is unavailable to a petitioner that may otherwise challenge his conviction or sentence by way of a Section 2255 motion. "A writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 487 Fed. App'x 109 (4th Cir. 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002), and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to Section 2255)). This petition will be denied.

### IV. CONCLUSION

For the reasons discussed herein, the Court will grant Petitioner's § 2255 motion in part, and deny it in part. Petitioner's alternative claims for relief, as pled by counsel, will be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate his § 922(g) conviction on Count Six in his indictment is **GRANTED**, and the conviction is hereby **VACATED**.

2. Respondent's motion for summary judgment is **GRANTED**. (Doc. No. 8).

3. Petitioner's remaining pro se claims for relief pursuant to § 2255 are **DENIED**.

4. Petitioner's supplemental motion to vacate is **DISMISSED as moot** as to the § 922(g) claim. (Doc. No. 13).

5. Petitioner's remaining claims in the supplemental § 2255 motion are **DENIED**. (Doc. No. 13).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability on the dismissed claims as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: April 23, 2015

_____
Frank D. Whitney
Chief United States District Judge